```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                          Criminal No. 19-cr-091-JD
                                                Opinion No. 2020 DNH 107

Dustin Grant

## O R D E R

Dustin Grant moves pursuant to 18 U.S.C. § 3582(c)(1)(A) to have his sentence reduced to time served based on his medical conditions and the risks presented by the COVID-19 pandemic. The government has filed an objection, which is supported by an opinion by Dr. Gavin Muir about Grant's medical conditions in relation to COVID-19. The United States Probation and Pretrial Services has filed a report.

## Standard of Review

The Director of the Bureau of Prisons {"BOP"} may bring a motion on behalf of a defendant to reduce the term of the defendant's imprisonment. § 3582(c)(1)(A). If the Director does not file such a motion on behalf of a defendant, the defendant may file a motion on his or her own behalf in certain circumstances. The defendant must have "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or, thirty days must have

passed since the warden at the defendant's facility received the defendant's request without a response.  Id.

When a defendant has satisfied the administrative exhaustion requirement, the court may reduce a term of imprisonment based on a finding that "extraordinary and compelling reasons warrant such a reduction" and "after considering the factors provided in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  § 3582(c)(1)(A).  The court also considers whether the requested "reduction is consistent with applicable policy statements issued by the Sentencing Commission."  § 3582(c)(1)(A).  The applicable policy statement provides guidance on when extraordinary and compelling circumstances may be found.[1]  U.S.S.G. 1B1.13.

Background

Dustin Grant is thirty-five years old.  He was convicted on a charge of distribution of a controlled substance (Suboxone).  Although his sentencing guideline range was twenty-seven to

---

[1] Application Note 1 to U.S.S.G. § 1B1.13 provides guidance as to when an extraordinary and compelling reason to reduce a defendant's sentence may exist.  "[A] serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," constitutes an extraordinary and compelling reason.  Id.

thirty-three months, the court granted a downward variance and sentenced him to twenty-four months in jail. He is serving his sentence at Metropolitan Detention Center ("MDC") in Brooklyn, New York. His projected release date is December 21, 2020.

Counsel for Grant filed a motion for compassionate release on his behalf with the BOP on March 30, 2020. His request was denied on April 29, 2020, because the warden found that Grant did not meet the criteria established in Program Statement 5050.50 for release or reduction in sentence under § 3582(c)(1)(A).[2] It does not appear that he filed an appeal.

Grant has two medical conditions that he raises in support of his motion, endocarditis and hepatitis C. He was hospitalized because of endocarditis from June to October of 2018. He had open heart surgery on August 12, 2018, to repair his mitral valve. He was hospitalized again in April of 2019, following his arrest, because of chest pain. His records from that time show that his valve was intact, that his vital signs were stable, and that he did not have signs of heart failure.

Dr. Gavin Muir is the chief medical officer of Amoskeag Health, in Manchester, New Hampshire. He is board certified in family medicine and is affiliated with Elliot Hospital in

---

[2] Program Statement 5050.50 is a BOP regulation for implementing § 3582. See United States v. Davis, 2020 WL 3447763, at *4 (D. Md. June 23, 2020).

Manchester.  In order to prepare the opinion that he provided to the government in support of the government's objection, Dr. Muir reviewed the recommendations from the Center for Disease Control website on patients at higher risk due to COVID-19 and underlying medical conditions.  He also reviewed Grant's underlying medical conditions of endocarditis and hepatitis C as presented in his motion for compassionate release and in the November of 2019 presentence report.

Dr. Muir concluded that Grant's past endocarditis is not a current serious heart condition.  He explained that endocarditis is an infection that is treated with antibiotics and is not an ongoing disease process.  He states that there is nothing presented that shows problems after Grant's heart surgery.

With respect to hepatitis C, Dr. Muir states that there is no showing that Grant has liver disease.  In the absence of liver disease, hepatitis C does not pose a risk of health complications.  Therefore, Dr. Muir provided his opinion that Grant does not have a condition that puts him at higher risk to develop a severe illness if infected with COVID-19.

Senior United States Probation Officer Sean Buckley filed a report on Grant's request for compassionate release.  In the report, Officer Buckley reviewed Grant's crime of conviction and the grounds presented in support of Grant's motion for

compassionate release.  Officer Buckley reports that there has been no change in Grant's medical conditions since his incarceration at the BOP.  Officer Buckley informs the court that, with respect to Grant's risk of recidivism and danger to the community, Grant has a significant criminal record and a significant history of substance abuse.  He committed the crime of conviction while he was on parole and probation.  Grant is also alleged to have participated in misconduct at the Strafford County Department of Corrections before his conviction.

The government provides information about the BOP's response to the COVID-19 pandemic.  The government reports that as of June 16, 2020, MDC Brooklyn, where Grant is incarcerated, had only three COVID-19 cases among the inmates and six cases among the staff.

## Discussion

In support of his motion under § 3582(c)(1)(A), Grant contends that his medical conditions of endocarditis and hepatitis C in combination with the risk of infection with COVID-19 provide an extraordinary and compelling reason to reduce his sentence to time served and to release him to home confinement.  The government objects to the motion, arguing that Grant has not shown an extraordinary or compelling reason to

reduce his sentence.

### A. Administrative Exhaustion

Counsel filed a motion on Grant's behalf with the warden for relief under § 3582(c)(1)(A), which was denied. Although it does not appear that Grant appealed the denial, the government does not object on the ground that he failed to exhaust administrative remedies. Therefore, the court moves on to the merits of his motion under § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reason

"A generalized risk of infection with COVID-19, by itself, is not enough to show extraordinary and compelling reasons for a reduction in sentence." United States v. Bischoff, --- F. Supp. ---, 2020 WL 2561423, at *2 (D.N.H. May 19, 2020); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); United States v. Shaw, 2020 WL 3451716, at *3 (E.D. Tex. June 24, 2020); United States v. Quintana, 2020 WL 3446115, at *3 (D. Conn. June 24, 2020); United States v. Boykin-Johnson, 2020 WL 3428975, at *2 (E.D. Mich. June 23, 2020). A combination of health factors that put the inmate at higher risk if infected with COVID-19 along with a documented risk of infection in the

facility where the inmate is incarcerated, however, can meet the § 3582(c) standard. See, e.g., United States v. Plummer, 2020 WL 3440548, at *2 (S.D.N.Y. June 23, 2020) (citing cases); United States v. Oliver, 2020 WL 2768852, at *6 (E.D. Mich. May 28, 2020); United States v. Jackson, 2020 WL 2735724, at *3 (W.D. Va. May 26, 2020); Bischoff, 2020 WL 2561423, at *2; United States v. Ramirez, 2020 WL 2404858, at *9 (D. Mass. May 12, 2020). An inmate seeking relief under § 3582(c) bears the burden of showing that he meets the statutory requirements. United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); United States v. Mayfield, 2020 WL 2744607, at *1 (D.N.J. May 27, 2020); United States v. Britton, 2020 WL 2404969, at *1 (D.N.H. May 12, 2020).

Grant contends that endocarditis and hepatitis C are serious medical conditions that put him at increased risk if he were to contract COVID 19. He cites two cases filed by other inmates at MDC Brooklyn that addressed the inmates' motions under § 3592(c)(1)(A) and provide information about the incidence of COVID-19 at MDC Brooklyn. Those cases were decided in April. Grant but provides no updated information about numbers of cases of COVID-19 at MDC Brooklyn or about the adequacy of the prison's procedures to minimize the risk to inmates. He provides no medical opinion to show that his

7

hepatitis C condition or his history of endocarditis are serious medical conditions for him.

In contrast, the government provides information about the BOP's ongoing efforts to curb the spread of COVID-19 in prisons. The government also represents that the number of cases at MDC Brooklyn as of June 16 was low. More importantly, the government provides the opinion of Dr. Muir who states that neither hepatitis C nor endocarditis in Grant's case is a serious medical condition that puts him at increased risk if he were to contract COVID-19.

Therefore, Grant has not carried his burden to show an extraordinary and compelling reason to reduce his sentence under § 3582(c)(1)(A). Even if he were able to meet that burden, however, the sentencing factors under § 3553(a) would weigh the balance against a reduction in sentence.

### C. Sentencing Factors

In addition to an extraordinary and compelling reason to reduce his sentence, a defendant must show that the sentencing factors under § 3553(a) support his motion to the extent the factors are applicable. § 3582(c)(1)(A). He argues that if his sentence were reduced as he asks, the reduced sentence would still promote respect for the law, provide punishment, deter

further criminal conduct, and protect the public.  The court disagrees.

Grant's sentence for this crime of conviction was only twenty-four months.  His criminal history, however, is significant and includes several offenses for driving under the influence of controlled substances or alcohol, several offenses for possession of heroin and fentanyl, and violations of parole.  The crime of conviction was committed while Grant was on parole and probation.  Based on that history, Grant's likelihood of recidivism is significant, and incarceration is appropriate to protect the public.

## Conclusion

For the foregoing reasons, the defendant's motion for reduction in sentence under § 3582(c)(1)(A) (document no. 25) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

June 29, 2020

cc:  Counsel of record.